## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

1. This action is currently pending in U.S. District Court Case Number 3:22-cv-01855-JR ("Action"). The parties to this Action are Anna Feigum, ("Plaintiff"), represented by Cheyenne Powelson, and the State of Oregon, by and through the Oregon Department of Human Services, ("Defendant"), represented by Tracy Ickes White ("Parties"). The Parties have agreed to settle this Action for the consideration set forth in this Settlement Agreement and Release of Claims ("Agreement"). The effective date of this Agreement is the date on which it is fully executed by plaintiff and the W9 forms for plaintiff and Mr. Powelson are received by Ms. White.

2. The terms of this Agreement are as follows:

   a. **Settlement Payment:** As consideration for plaintiff's Release of Claims, and on behalf of the Released Parties described below, the State of Oregon, by and through the Oregon Department of Administrative Services/Risk Management ("Risk Management"), shall pay plaintiff a total sum of Fifty Thousand Dollars ($50,000) ("settlement payment"), made payable in two checks as follows:

   1) Twenty-Nine Thousand Dollars ($29,000) made payable to Anna Feigum.

   2) Twenty-One Thousand Dollars ($21,000) made payable to Powelson Law Office LLC.

   b. In addition, the Oregon Department of Human Services shall pay plaintiff the sum of Ten Thousand Dollars ($10,000), subject to standard payroll withholdings.

   c. Defendant will issue a tax form W2 to Ms. Feigum for the tax year 2024 for the amount of $10,000. Defendant will also, in January 2025, issue a tax form 1099 to Ms. Feigum for the tax year 2024 for the amount of $50,000. Defendant will also, in January 2025, issue a tax form 1099 to Powelson Law Office LLC for the tax year 2024 for the amount of $21,000.

Page 1 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

930994573/TIW/rrc

d. All settlement payments shall be made within 30 (thirty) days of the effective date of this Agreement and the receipt of completed W9 forms from plaintiff and Mr. Powelson.

3. **Plaintiff's Release of Claims:** In consideration for the above settlement payment, plaintiff, individually and on behalf of any heirs, executors, administrators, successors, agents, and assigns agrees to release, acquit, and forever discharge defendant and all those in interest with it, including the State of Oregon and all of its political subdivisions, agencies, departments, administrators, officers, current and former employees, agents, attorneys, and insurers (collectively "Released Parties"), from any and all claims, demands, or causes of action, whether known or unknown, under any legal, equitable, or other theory, that were or could have been raised in this Action and that exist or may exist against the Released Parties through the Effective Date of this Agreement.

4. The release, acquittal, and discharge described above ("Release") includes any claims against the Released Parties - including the Oregon Department of Justice and Risk Management - arising from the negotiation or execution of this Agreement. This Release also includes any damages (including past and future medical and mental health expenses, lost wages, impairment of earnings, emotional distress, pain and suffering, punitive damages, and any other compensatory, economic, noneconomic, nominal, or other forms of damage) and equitable relief (including injunctions or declaratory judgments), whether known or unknown, or which may develop after the effective date of this Agreement, and including any and all expenses (attorney fees, costs, and disbursements).

5. **Newly-Discovered Evidence:** The Parties agree that if, after the Effective Date of this Agreement, they discover evidence different from or in addition to the evidence which they now know of or possess, this Agreement remains in full force and effect.

6. **Each Party is Responsible for Own Attorney Fees and Costs:** The Parties acknowledge and agree that they are solely responsible for paying any attorney fees and costs

they incurred and that neither the Parties nor their attorneys will seek any award of attorney fees or costs from the other Party.

7. **Plaintiff is Responsible for all Subrogation and Liens:** Plaintiff acknowledges that all subrogation and lien claims arising out of contract or under state or federal law-including, but not limited to, subrogation or lien claims of or related to health care providers, insurance carriers (including personal injury protection or "PIP"), workers' compensation carriers, attorneys, and any federal or state agency or programs such as Medicare, Medicaid, or Social Security-are the sole and separate obligation of plaintiff which plaintiff agrees to pay or otherwise resolve. Plaintiff will defend, indemnify and hold harmless the Released Parties from and against all such lien and subrogation claims brought against the Released Parties.

8. **Medicare Disclaimer and Waiver:** By signing below, plaintiff declares under penalty of perjury that: (1) plaintiff is not currently entitled to Medicare; and (2) none of the treatment received for the injury or injuries claimed in this Action (or related to the incident giving rise to this Action) or released in this Agreement were submitted to or paid for by Medicare. Plaintiff waives, releases, and forever discharges Released Parties from any obligations for any claim or future claim, known or unknown, arising out of the failure of Released Parties to provide for a primary payment or appropriate reimbursement to Medicare pursuant to 42 U.S.C. § 1395y(b)(3)(A), and plaintiff shall defend, indemnify and hold harmless the Released Parties for any claims arising out of arising out of 42 U.S.C. § 1395y(b). Plaintiff further understands this settlement may impact, limit or preclude plaintiff's right or ability to receive future Medicare benefits arising out of the injuries alleged in this lawsuit.

9. **No Tax Representations:** No party warrants or represents how the United States Internal Revenue Service ("IRS"), the Oregon Department of Revenue, or other governmental authority will treat the settlement payment for tax purposes, and agree that no further payment of money from Released Parties will be due in the event that the payments or the release of the claims embodied in this Agreement or any portion thereof is found by the IRS, the Oregon

Page 3 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

930994573/TIW/rrc

Department of Revenue, or other governmental authority to be, or result in, taxable income to any party. **The Released Parties, as part of their reporting requirements, may have to communicate with the IRS, including submitting IRS form 1099. The Released Parties reserve the right to respond to inquiries by said authorities and to make any additional disclosures requested by the governmental authority or as required by law. Plaintiff is solely responsible for the tax consequences of settlement payment, and plaintiff agrees not to hold the Released Parties responsible for taxes due.**

10. **Entire Agreement:** This Agreement contains and constitutes the entire agreement and understanding of the Parties, notwithstanding any and all prior negotiations, discussions, undertakings or agreements made in arriving at this Agreement. There are no representations, agreements, or inducements between the Parties except as set forth expressly and specifically in this Agreement.

11. **No Admission of Fault or Future Precedent:** The Parties agree that this Agreement is not to be construed as an admission or proof of any liability or fault whatsoever on the part of the Released Parties. This Agreement does not establish a precedent in the settlement of any current or future grievance, claim of unfair labor practice, or other dispute among the Parties, and shall not be admissible as evidence in any future arbitration, administrative or court proceeding except in a proceeding brought to enforce the terms of this Agreement. In the event plaintiff pursues a claim waived or released pursuant to this Agreement, the Released Parties may plead this Agreement as an absolute defense.

12. **No Waiver:** The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement or a course of dealing between the Parties, shall not be a waiver of such terms or conditions or of such Party's right to enforce each and every term and condition of this Agreement.

13. **Invalidity:** This Agreement does not waive any right that may not legally be waived. If any provision contained in this Agreement shall for any reason be held to be invalid,

Page 4 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

930994573/TIW/rrc

illegal, void, or unenforceable in any respect, such provision shall be deemed modified so as to constitute a provision conforming as nearly as possible to such invalid, illegal, void, or unenforceable provision while still remaining valid and enforceable, and the remaining terms or provisions of this Agreement shall not be affected.

14. **Binding Agreement and Ownership of Claims:** This Agreement shall be binding upon the Parties, and their heirs, representatives, executors, administrators, successors in interest, insurers and assigns. The Parties acknowledge that they have not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim, or any portion of interest of any claim, that was or could have been raised in this Action.

15. **Acknowledgment of the Terms of the Agreement:** By the signatures below, the Parties acknowledge that they have read and know the contents of this Agreement, that they fully understand the Agreement's terms, and that they enter the Agreement voluntarily for the purpose of making a full compromise and settlement. Each of the Parties further represents it has consulted or has had the opportunity to consult with legal counsel of its choice concerning the legal effect of this Agreement before signing it, and that each party executes this Agreement voluntarily. Further, the persons executing and delivering the Agreement represent and warrant that they are fully authorized to do so, and that the execution of delivery of the Agreement is lawful and voluntary.

16. **Judgment of Dismissal with Prejudice:** The Parties agree to a dismissal of the pending Action with prejudice, without costs or fees to either party. Counsel for defendant shall file a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). This will be filed within ten business days after plaintiff and her counsel's receipt of the Settlement Payments, providing plaintiff's counsel signs and returns the Stipulation of Dismissal document to defense counsel within two days of plaintiff's counsel's receipt of same. Additionally, counsel for the defendants shall file a Notice of Settlement with a copy of this Agreement attached pursuant to ORS 17.095. The Parties agree to execute these documents and any further documents and take

any further actions, as may be reasonable and necessary, in order to carry out the purpose and intent of this Agreement.

17.  **Counterparts:**  This Agreement may be executed in counterparts, including counterparts received by facsimile or electronic transmission, with each counterpart constituting an original. The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

IT IS SO AGREED TO BY THE PARTIES:

_____     DATED this __9__ day of July, 2024.
ANNA FEIGUM
Plaintiff

Subscribed and sworn to before me this ___9th___ day of July, 2024, in the State of Oregon, County of __Oregon__.

OFFICIAL STAMP
MELVIN S NATH
NOTARY PUBLIC - OREGON
COMMISSION NO. 1034186
MY COMMISSION EXPIRES FEBRUARY 26, 2027

_____
Notary Public for Oregon
My commission expires: 02/26/2027

_____     DATED this _____ day of July, 2024.
KIM ROCKEMAN
Oregon Department of Human Services

(Digitally signed by Kimberly Rockeman, Date: 2024.07.11 11:54:14 -07'00')